N. DETOUL, Appellant, v. J. H. YEATER et al.,
Respondents.

St. Louis Court of Appeals.    Argued and Submitted February
6, 1912.    Opinion Filed March 5, 1912.

1. MORTGAGES AND DEEDS OF TRUST: Reformation of Deed:
Fraud: Sufficiency of Evidence. In an action by the *cestui
que trust* in a deed of trust to reform the deed by striking
out a clause, providing that if the secured note was not paid
before the death of the payee the debt would be canceled, on
the ground said clause was inserted through the fraud and
undue influence of the grantors, evidence *held* to support a
finding that said clause was not inserted through the fraud
oᴔ undue influence of the grantors.

2. ———: ———: Appellate Practice: Moot Questions. Where,
in an action by the *cestui que trust* in a deed of trust to
reform the deed by striking out a clause, alleged to have been
fraudulently inserted, providing that if the secured note, which
was payable nine years after date, should not be paid before
the death of the payee, the debt would be canceled, the trial
court found that said clause was not fraudulently inserted,
the appellate court will not consider what effect said clause
has on the note, since that question could arise only in the
event the *cestui que trust* died before the note matured.

3. APPELLATE PRACTICE: Questions Reviewable: Moot Ques-
tions. The appellate court will not determine moot questions.

Appeal from Montgomery Circuit Court.—*Hon. N. D.*
*Thurmond,* Special Judge.

AFFIRMED.

*Nowlin & Hughes* for appellant.

(1) It is essential to a valid parol gift that it goes
into effect at once and completely. If it regards the
future it is but a promise, and being a promise with-
out consideration, it can not be enforced, and has no
legal validity. Mere words signifying an intent to
transfer in the future are insufficient. Spencer v.

Vance, 57 Mo. 427; Vogel v. Gast, 20 Mo. App. 104; Tygard v. McComb, 54 Mo. App. 85; In re Soulard Est., 141 Mo. 642; School Dist. v. Shielding, 138 Mo. 672. (2) An allegation in the answer that the intestate before his death, "gave the note to the defendant, and made arrangements to have it delivered up to him, which was neglected to be done," is no defense; these facts constituting neither a *donatio causa mortis,* nor a valid gift or equitable release. Henderson's Adm. v. Henderson, 21 Mo. 379. (3) The note is to be considered as a separate and complete contract within itself, controlled in its terms by anything contained in the deed of trust, and the deed of trust is merely collateral to secure it. The note dominates the deed of trust and not the deed of trust the note. This note being in form a negotiable instrument shows conclusively that no present gift was made or intended. The deed of trust should be reformed to conform with the note. Owings v. McKenzie, 133 Mo. 323; Meads v. Hutchinson, 111 Mo. 620. (4) Where one stands in relations of trust and confidence with another who is old and failing in mind, the law presumes a contract between them to have been the result of undue influence emanating from the stronger party, and where inadequacy of consideration and mental imbecility concur, although the weakness of mind does not amount to idiocy or legal incapacity, the contract will be annulled at the instance of the proper party. Cadwallader v. West, 48 Mo. 483; Martin v. Baker, 135 Mo. 495; Studybaker v. Cofield, 159 Mo. 596; Reed v. Carroll, 82 Mo. App. l. c. 108.

*E. Rosenberger & Son* and *Delventhal & Hukreide* for respondent.

REYNOLDS, P. J.—This is a suit brought by appellant, plaintiff below, to reform a certain deed of trust executed by defendants to a trustee to secure

the payment of a note executed by defendants, husband and wife, for $735, to the order of plaintiff and his former wife, the note dated July 8, 1905, expressed to be "for value received," and to draw interest at the rate of six per cent per annum, interest to be compounded annually, and if not paid when due, the whole of said note to become due and payable, the note payable nine years after its date. The land upon which the deed of trust was given is situated in the county of Warren, this state. The deed of trust also dated and acknowledged July 8, 1905, recites that the parties of the first part (defendants, husband and wife), in consideration of the debt and trust mentioned and created and of the sum of one dollar to them paid by the party of the second part (the trustee), grants, bargains and sells, conveys and confirms unto the party of the second part the real estate described, in trust for purposes following: That is, setting out that Yeater and wife have that day made, executed and delivered to plaintiff and his wife, their promissory note of even date, by which they promise to pay to plaintiff and his wife or order, for value received $735, evidenced by the note which is set out verbatim, this follows: "The conditions of the above note and deed of trust are such that if the note is not paid off before the death of said N. Detoul and Nancy H. Detoul, then the same is null and void and the debt is cancelled." Following this is a provision that the deed of trust shall become void on payment of the "debt and interest in the said note," as they respectively fall due, but that in default of payment of either, the whole shall become due and payable and the deed remain in force; and the party of the second part (the trustee) or in case of his absence, etc., the acting sheriff of Montgomery county, at the request of the legal holder of the note, may proceed to advertise and sell the property to the highest bidder at the court house door in Montgomery county, Missouri, for cash

on twenty days' notice. The prayer is that the clause above quoted be stricken from the deed, it being claimed that it was procured by fraud and undue influence and inserted in the deed without the knowledge of plaintiff; that he was then not of sufficient mental capacity to understand what he was doing and that defendants took advantage of their relationship to him and imposed on him and procured this clause to be inserted. It is also averred that the insertion of the clause requiring the sale to be in Montgomery county instead of Warren county was a mistake of the scrivener, and it is prayed that this be changed and Warren county substituted in place of Montgomery county as the place of advertisement and sale.

The answer, after a general denial and specific denial of any fraud or imposition, claims that the note was given with the understanding between plaintiff and defendants, one of the latter being a nephew and the other a daughter of plaintiff and his wife, that if plaintiff and his wife died before the note matured it was to be considered as a gift to them.

The court heard the evidence and found for plaintiff as to the mistake in the name of the county and adjudged that the deed of trust be corrected so as to require the advertisement and sale to be made in Warren instead of Montgomery county, but denied the other correction demanded.

The learned counsel for appellant in a carefully prepared brief contend that the answer, not controverting the petition, sets up facts which would constitute a parol gift without delivery of the thing alleged to be given, and plaintiff's motion for judgment on the pleadings should have been sustained. They further argue that it is essential to a valid parol gift that it go into effect at once and completely, and that the facts set up in the answer showed neither a *donatio causa mortis* nor a valid gift nor an equitable release; that it is essential to a gift *inter vivos* that there should be

mutual consent between the donor and donee, the latter divesting himself of a thing in order to transmit the title to the donee gratuitously, and the latter to accept the donation and to acquire the legal title to the thing; that it must operate, if at all, in the donee's lifetime, immediately and irrevocably; it is a gift exe cuted; no further act of the parties, no contingency of death or otherwise, is needed to give it effect; and that the delivery of property subject to be reclaimed by the donor at any time prior to his death, or where full control or power over the property or funds vests in the donee only after death of the donor, does not constitute a valid gift *inter vivos*. It is further argued that the note is to be considered as a separate and complete contract within itself, uncontrolled in its terms by anything contained in the deed of trust, the latter being merely collateral to secure the note; and that where one stands in relations of trust and confidence to another who is old and failing in mind, the law presumes a contract between them to have been the result of undue influence emanating from the stronger party and where inadequacy of consideration and mental imbecility concur, although the weakness of mind does not amount to idiocy or legal incapacity, the con tract will be annulled at the instance of the proper party.

We may admit, although not deciding, that all these propositions are correct; the trouble with them is, that they do not meet the case before the court.

The learned trial court found that there was no imposition or fraud practiced upon the plaintiff or his wife in procuring the insertion of this clause in the deed of trust. A careful reading of the testimony concerning this satisfies us that the conclusion arrived at by the trial court is amply supported by the testimony in the case. There is not a word of testimony even tending to prove that this clause was inserted in the deed of trust at the solicitation or importunity,

Detoul v. Yeater.

or in yielding to the importunities of the defendants. There is nothing, in point of fact, to show that they participated in any way in having it inserted. It is true that the evidence shows that the plaintiff, who brings the action alone, his wife having in the meantime died and her interest in the note going to him, is a Frenchman by birth who can neither read nor write English, but it also clearly appears that he is conducting, and for many years had conducted, a business, not very large, it is true, in his own name and by himself, and that he is entirely capable of attending to any business transaction upon which he enters. The notary who drew up the deed and one or more witnesses testified that this clause was put in the deed by the express direction of the plaintiff himself. It further appears that after the execution of this instrument the defendant had promptly paid the interest as it accrued on the note. It further appears that after the execution of the note and deed of trust a breach of the friendly relations between the parties had occurred and that seems to be at the bottom of the attempt to have the deed of trust corrected. Therefore, there is no ground whatever for correcting this deed of trust, except in the change which the court made of the designation of the county in which the land was to be advertised and sold in case of default. What effect this clause in the deed of trust has on the note is not before us in this case. In our opinion that question can only arise and be presented in the event that plaintiff, appellant here, dies before the nine years which the note has to run; before the maturity of the note. The question then might arise between the legal representatives of plaintiff and these defendants, or the then holder of the note, if in the meantime it had been negotiated, as to the force and effect of this clause in the deed of trust. But it does not arise now and in this suit, which looks alone to the correction of the deed of trust.

It was urged before us in the argument of the case by the learned counsel for appellant, and it may be said here that respondents were not represented by counsel either orally or by brief, that the presence of this clause in the deed of trust affected the negotiability of the note. That may be, but that fact is not sufficient to warrant us in now undertaking to change the deed of trust, there being no sufficient evidence to show that this clause was put into the deed through fraud or imposition or was the result of failing mental faculties of plaintiff. All that we have before us by the record and the pleadings is the question of whether this deed of trust should be corrected by elimination of this clause. The question as to the effect of this clause in the deed of trust on the note is not before us; to now undertake to decide it would be to act on a question which may never arise; on a moot case. If plaintiff lives until the maturity of the note, it is to be paid; if default occurs in the payment of interest, the note matures and the deed of trust is in force. So that all the questions here sought to be presented would have disappeared.

Concurring with the learned trial court that the evidence is not sufficient to warrant action by the court as to this clause in the deed of trust, the judgment of the circuit court is in all things affirmed. *Nortoni* and *Caulfield, JJ.,* concur.